UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Forman Holt
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201)845-1000
Facsimile: (201)655-6650
Michael E. Holt
mholt@formanlaw.com
*Proposed Counsel for the Debtors*

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Daniel M. Eliades, Esq. (DME-6203)
David S. Catuogno, Esq (DSC-1397)
William Waldman, Esq. (WLW-1452)
Daniel.Eliades@klgates.com
David.Catuogno@klgates.com
William.Waldman@klgates.com
*Proposed Special Counsel for the Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| Supor Properties Enterprises LLC, *et al.,*[1] | Case No. 24-13427 (SLM) |
| Debtors. | (Joint Administration Requested) |
| | Judge: Stacey L. Meisel |
| | Hearing Date: |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are Supor Properties Enterprises (5580), J Supor 136-1 Realty LLC (3205), Supor-172 Realty LLC (5662), Supor Properties Breiderhoft LLC (7258), Supor Properties Devon LLC (6357), Shore Properties Associates North LLC (6707), Supor Properties 600 Urban Renewal, LLC (8604), JS Realty Properties, LLC (2497) and Supor Properties Harrison Avenue LLC (1728).

{F0214629 - 1}

**DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER
AUTHORIZING AND DIRECTING THE DEBTORS TO USE CASH COLLATERAL
AND GRANTING RELATED RELIEF**

TO THE HONORABLE STACEY L. MEISEL:

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion")[2] for the relief set forth herein. In support of the Motion, the Debtors rely on the *Declaration of Joseph A. Supor III in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") which was filed contemporaneously herewith and is incorporated herein by reference. In further support of this Motion, the Debtors respectfully state the following:

### Introduction

1. The Debtors seek the Court's authorization to use Cash Collateral (as defined herein) consistent with the proposed final Order submitted herewith. The Debtors' business requires the Debtors to have immediate use of Cash Collateral to meet their near-term liquidity needs, such as funding payroll and operational expenses and maintaining favorable relationships with their vendors, suppliers, employees, and customers. The Debtors' prepetition secured lenders, 1000 Frank E. Rodgers 1, LLC and 1000 Frank E. Rodgers 2, LLC (collectively the "Lenders") have consented to the Debtors' use of Cash Collateral under the terms set forth in the proposed final Order (and as summarized below).

2. The Debtors are entering chapter 11 with minimal cash on hand. The ability to use Cash Collateral is critical to ensure the Debtors' ability to protect, preserve, and maintain their Properties while they pursue a value-maximizing sale process in their chapter 11 cases (the

---

[2] Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

"Chapter 11 Cases"). The relief requested is necessary to avoid immediate and irreparable harm that would otherwise result if the Debtors were denied the use of funds necessary to conduct that process.

3. The Debtors negotiated the use of Cash Collateral with the Lenders, and the adequate protection proposed in the Motion in good faith and at arm's length and submit that the terms are reasonable and the best that could be obtained under the circumstances of these Chapter 11 Cases. Submitted with the First Day Declaration is a Restructuring Support Agreement ("RSA") in which the Lenders consent to the use of Cash Collateral. Without the use of Cash Collateral, the Debtors would be unable to meet their obligations in the ordinary course. If approved, the Debtors will use Cash Collateral to fund the Debtors' ongoing business operations, the costs of administration in these Chapter 11 cases, and provide adequate protection to the Lenders, all in accordance with the Cash Collateral Budgets, which are attached hereto as Exhibit A (the "Budgets").

4. Thus, for the reasons set forth herein and in the First Day Declaration, the Debtors believe that authorization of the proposed use of Cash Collateral will maximize the value of the Debtors' estates for the benefit of all of the Debtors' stakeholders and is an exercise of the Debtors' sound business judgment. Accordingly, the Debtors respectfully request that the Court grant the relief requested herein and enter a final order substantially in the form attached hereto as **Exhibit B** (the "Final Order").

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtor confirms its consent to the Court entering a final

order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105, 361, 362, 363, 364, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-3 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Relief Requested**

**I.    The Debtors Should Be Authorized to Use the Cash Collateral.**

8. Section 363 of the Bankruptcy Code generally governs the use of estate property. Section 363(c)(2)(A) of the Bankruptcy Code permits a debtor-in-possession to use Cash Collateral with the consent of the secured party. The Lenders consent to the Debtors' use of the Cash Collateral, subject to the terms set forth in the RSA and the Final Order.

9. Section 363(e) of the Bankruptcy Code provides for adequate protection of interests in property when a debtor uses Cash Collateral. Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996) (en banc). While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis. *See, e.g.*, *In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (explaining that the "determination of whether there is adequate protection is made on a case by case basis"); *In re Satcon Tech. Corp.*, No. 12-12869 (KG), 2012 WL 6091160, at *6 (Bankr. D. Del. Dec. 7, 2012) (same); *In re N.J. Affordable Homes Corp.*, No. 05-60442 (DHS), 2006 WL

2128624, at *14 (Bankr. D.N.J. June 29, 2006) ("the circumstances of the case will dictate the necessary relief to be given"); *In re Columbia Gas Sys., Inc.*, Nos. 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992) ("what interest is entitled to adequate protection and what constitutes adequate protection must be decided on a case-by-case basis"); *see also In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy ¶ 361.01[1] at 361–66 (15th ed. 1993) (explaining that adequate protection can take many forms and "must be determined based upon equitable considerations arising from the particular facts of each proceeding")).

### A.     Adequate Protection Provided to the Prepetition Lenders.

10.     As set forth in the Final Order, the Debtors propose to provide the Prepetition Lenders with a variety of adequate protection (the "Adequate Protection Obligations") to protect against the post-petition diminution in value of the Cash Collateral resulting from the use, sale, or lease of the Cash Collateral by the Debtors and the imposition of the automatic stay, including Adequate Protection Liens, Adequate Protection 507(b) Claims, and First Lien Adequate Protection Payments.

11.     Local Rule 4001-3(a) requires that a motion for the final use of cash collateral include a detailed 12-week budget. Attached hereto as Exhibit A are the Cash Collateral Budgets in support of the Motion. The Cash Collateral Budgets include a combined budget for all Debtors, a budget for the RDA Properties, and individual budgets for each Debtor. The Lenders and the Debtors consent to the Debtors' use of Cash Collateral consistent with the Cash Collateral Budgets.

12.     The proposed Final Order provides that the Debtors will make monthly adequate protection payments to the Lenders consistent with the Cash Collateral Budgets and that the Lenders will be provided with a superpriority administrative expense claim under Bankruptcy Code § 364(c)(1) and a security interest in and post-petition replacement liens and security

interests against all the Lenders' Collateral as additional adequate protection. *See* Final Order at page 5, ¶ 3. The proposed Final Order does not grant Lenders any liens on or security interests against preference recoveries or avoidance actions. *See* Final Order at page 6, ¶ 5.

13. The proposed Final Order also contains certain default provisions, which would terminate the Debtors ability to use cash collateral, including the improper use of Cash Collateral by the Debtors; conversion or dismissal of the Debtors' Chapter 11 cases; the unauthorized sale of assets or granting of liens by the Debtors; the Debtors' failure to comply with the Final Order, including the required adequate protection payments; the entry of an order granting stay relief in favor of the Lenders; the appointment of a trustee, receiver or examiner; the failure to pay taxes, rent or insurance for the Debtor Properties; or the cessation of the Debtors' business. *See* Final Order at pages 9-12, ¶ 11.

14. The proposed Final Order provides for a carve-out for certain costs of administration, including the fees and expenses owed to the Clerk of the Court and the Office of the United States Trustee. The proposed Final Order also contains a carve-out for the Debtors' retained professionals, consistent with the terms of the Final Order, the RSA, and the Cash Collateral Budgets. *See* Final Order at pages 8-9, ¶ 9.

15. The proposed Final Order provides that the automatic stay provisions of section 362 of the Bankruptcy Code will be modified to allow the Lenders to file any financing statements, security agreements, notices of liens, and other similar instruments and documents in order to validate and perfect the liens and security interests granted to them under the Final Order.

### **Request of Waiver of Stay**

16. To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find

that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## Waiver of Memorandum of Law

17. The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

18. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

19. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Lenders; (d) the United States Attorney's Office for the District of New Jersey; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors request that the Court enter the Final Order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: April 3, 2024                                          Respectfully submitted,

                                                              FORMAN HOLT
                                                              Proposed Attorneys for Debtors

                                                              By: /s/ Michael E. Holt
                                                                   Michael E. Holt