UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Forman Holt
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201)845-1000
Facsimile:  (201)655-6650
Michael E. Holt
mholt@formanlaw.com
*Proposed Counsel for the Debtors*

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile:  (973) 848-4001
Daniel M. Eliades, Esq. (DME-6203)
David S. Catuogno, Esq (DSC-1397)
William Waldman, Esq. (WLW-1452)
Daniel.Eliades@klgates.com
David.Catuogno@klgates.com
William.Waldman@klgates.com
*Proposed Special Counsel for the Debtors*

| | |
|---|---|
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 24-13427 (SLM)<br><br>(Joint Administration Requested)<br><br>Judge: Stacey L. Meisel |

# DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 327, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND <u>RETENTION OF CBRE, INC. AS REAL ESTATE BROKER</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are Supor Properties Enterprises (5580), J Supor 136-1 Realty LLC (3205), Supor-172 Realty LLC (5662), Supor Properties Breiderhoft LLC (7258), Supor Properties Devon LLC (6357), Shore Properties Associates North LLC (6707), Supor Properties 600 Urban Renewal, LLC (8604), JS Realty Properties, LLC (2497) and Supor Properties Harrison Avenue LLC (1728).

F0214989 - 1

The above-captioned Debtors submit this motion ("Motion") for the entry of an order authorizing and approving the employment of CBRE, Inc. ("CBRE") as real estate broker to each of the Debtors in the Debtors' chapter 11 cases (the "Cases") pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").  In support of the relief sought in the Motion, Debtors submit the Declaration of Jeff Hipschman, a Senior Managing Director of CBRE (the "Hipschman Declaration") attached hereto as <u>Exhibit A</u> and incorporated herein by reference.  In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11,* entered July 23, 1984, and amended on September 18, 2012 (Simandale, C.J.).  Debtors confirm they consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the partes, cannot enter final orders or judgments in connection herewith consistent with Article III of the United Staes Constitution.

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief requested herein are Sections 327, 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND OF THE DEBTORS

4. On April 2, 2024 (the "Petition Date") each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committees have been appointed in these chapter 11 cases.

5. On April 3, 2024, Debtors filed a motion to jointly administer the Cases and for designation of Supor Properties Enterprises LLC, Case No. 24-13427 (SLM) as the lead case. That motion is pending.

6. Information regarding the Debtors' business, ownership structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration of Joseph Supor III (the "Supor First Day Declaration"), which is incorporated by reference herein.[2]

7. Each Debtor is a Single Asset Real Estate debtor as defined in the Bankruptcy Code. The property of the Debtors' estates includes valuable real estate, including the RDA Properties in Harrison, New Jersey, and other Non-RDA Properties in Hudson and Ocean Counties, New Jersey. The Debtors believe that the fair market value of the Debtor Properties greatly exceeds the liens against those properties and the other claims against the Debtors' estates. It is the Debtors' intention, with the support of their Lenders, to use these cases to implement an orderly process whereby some or all of the Debtor Properties will be marketed for sale or for other transactions for

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Supor First Day Declaration.

F0214989 - 1

the benefit of the Debtors' stakeholders. *See* Supor First Day Declaration at ¶ 6 and ¶¶ 17-35.  To implement that process, the Debtors will require the assistance of a licensed real estate broker.

## RELIEF REQUESTED

8. By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit B</u> pursuant to Section 327 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain CBRE as their real estate broker in these Cases.

## RETENTION OF CBRE AS BROKER

**A.     CBRE's Qualifications**

8. CBRE, a Fortune 500 and S&P 500 commercial real estate company headquartered in Dallas, is the world's largest commercial real estate services and investment firm (based on 2022 revenue). The company has approximately 115,000 employees and serves real estate investors and occupiers through more than 480 offices worldwide.

9. CBRE offers a broad range of integrated services including facilities, transaction and project management, investment management, appraisal and valuation, property leasing, strategic consulting, property sales, mortgage services and development services.

**B.     Services to be Provided by CBRE**

10. Subject to an order of the Court approving CBRE's retention, the Debtors seek to retain and employ CBRE to provide the real estate marketing and related services that will be required to maximize the value of the Debtor Properties in the Chapter 11 Cases. The services to be rendered by CBRE are appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors-in-possession and to prosecute the Chapter 11 Cases. To

F0214989 - 1

facilitate the sale process, CBRE will perform the following services, subject to entry of an order by the Court approving the Debtors' proposed bidding and sale procedures:

- Marketing the Debtor Properties for sale;
- Maintaining one or more data rooms containing relevant information in connection with the Debtor Properties;
- Soliciting bids for the Debtor Properties;
- Holding an auction for the Debtor Properties.

C. **Terms of Compensation for CBRE**

11. In consideration of the services to be provided by CBRE, subject to Court approval, the Debtors have agreed that CBRE shall earn the proposed compensation (the "Fee and Expense Structure") set forth below.

12. If, there is a sale of all or any portion of the Properties, Debtor shall require that the buyer of the property pay CBRE a Buyer's Premium at closing (i.e., upon the passing of title (or equivalent final and binding documents)) calculated by multiplying the gross sales price by one percent (1.00%). If an Outside Broker procures a purchaser, Debtors and CBRE will jointly require the Outside Broker to obtain its compensation solely from its own client, not from Debtors or CBRE. Notwithstanding the above, if a purchaser refuses to pay CBRE the Buyer's Premium, the parties reserve all rights, including selling the Property to a Back-up Bidder.

13. Lenders shall have the right to submit one or more Credit Bid(s) for the Debtor Properties. If there is a Credit Bid by Lenders on one or more of the Properties, and Lenders are the successful purchasers for the property or properties being sold based on such Credit Bid(s), in lieu of the Buyer's Premium provided for above, Lender Parties shall pay Broker a Credit Bid Commission at closing calculated by multiplying the Credit Bid(s) by one-half percent (0.5%). In

F0214989 - 1

connection with this reduced commission, Lender Parties shall only have the right to credit bid once per Property. If Lender Parties credit bid on a Property, and a third-party bidder then submits a bid which is higher or better than the bid of the Lender Parties and Lender Parties then credit bid again, then Lender parties will be required to pay CBRE the full 1% Buyer's Premium as reflected above.

14. The bid procedures to be submitted by Debtors contemplate the Court conducting hearings to confirm or approve the proposed sale of each Debtor Property. Debtors will seek approval of the Buyer's Premium or Credit Bid Commission to CBRE as applicable at the Sale Hearing for each Property to be sold, consistent with the procedures contemplated under D.N.J. LBR 2016-1(d).

15. The Fee and Expense Structure is the result of arm's-length negotiations between and among the Debtors and CBRE in consultation with the Lenders.

D. **CBRE'S Disinterestedness**

16. CBRE advises Debtors that it has conducted diligent searches in CBRE's conflicts databases to identify relationships with the Debtors, their lenders, unsecured creditors and various other parties-in-interest in the Chapter 11 Cases.

17. CBRE further advises the Debtors, that, based on the conflicts and connections search conducted, to the best of CBRE's knowledge, neither CBRE, nor any professional thereof, insofar as it has been able to ascertain, has any connection with the Debtors or any other parties-in-interest herein, except as set forth here:

- CBRE is in negotiations with affiliated entities of the Debtors to list, market and sell non-Debtor properties including properties located at 129 Sanford Avenue, Kearny, NJ owned by Supor Family LLC and 1-15 Railroad Avenue, Harrison NJ owned by Supor Properties Railroad Ave, LLC

F0214989 - 1

18. In addition, in accordance with Bankruptcy Rule 5002, no member of CBRE is a relative of the United States Bankruptcy Judge assigned to the Chapter 11 Cases, and CBRE does not have a connection with the United States Bankruptcy Judge that would render its retention in the Chapter 11 Cases improper. Further, in accordance with Bankruptcy Rule 2014, CBRE does not have any connection with the U.S. Trustee or any persons employed by the U.S. Trustee.

19. Based on the searches conducted to date, CBRE (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (ii) has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Hipschman Declaration.

E. **The Retention of CBRE as Broker Should be Approved**

20. The Debtors seek approval of the retention and employment of CBRE pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor-in-possession in carrying out its duties. 11 U.S.C. § 327(a).

21. In addition, section 328(a) of the Bankruptcy Code provides, in relevant part, that debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals on more flexible terms that reflect the nature of their services and market

F0214989 - 1

conditions. As the United States Court of Appeals recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

22. Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended section 328(a) of the Bankruptcy Code to read as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a). It is thus clear that debtors may retain a professional on a fixed or percentage fee basis with Court approval, such as the proposed Fee and Expense Structure.

23. As discussed in the Hipschman Declaration, CBRE satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. CBRE will commit a significant amount of time and effort assisting the Debtors with their sale efforts. The terms and conditions of the retention are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

24. The Debtors submit that the retention of CBRE is in the best interests of all parties in interest in the Chapter 11 Cases. CBRE has extensive experience in matters involving real estate transactions and an excellent reputation for providing real estate services throughout the United States.

F0214989 - 1

**Notice**

25.     Notice of this Motion has been given to the following parties: (a) the Office of the United States Trustee for the District of New Jersey; (b) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (c) counsel to the Lenders, 1000 Frank E Rodgers 1, LLC and Frank E. Rodgers 2, LLC; (d) the United States Attorneys' Office for the District of New Jersey; (e) the Internal Revenue Services; (f) the U.S. Securities and Exchange Commission; (g) the Office of the Attorney General for the State of New Jersey; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**No Prior Request**

26.     No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, Debtors respectfully request entry of an order substantially in the form submitted herewith, authorizing the Debtors to employ and retain CBRE, Inc. as its real estate and granting such other relief as is just and proper.

Dated:  April 5, 2024                                    FORMAN HOLT
                                                         Proposed Attorneys for Debtor


                                                         By: */s/ Michael E. Holt*
                                                              Michael E. Holt

F0214989 - 1