UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Forman Holt
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201)845-1000
Facsimile: (201)655-6650
Michael E. Holt
mholt@formanlaw.com
*Proposed Counsel for the Debtors*

K&L Gates LLP
One Newark Center
1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Daniel M. Eliades, Esq. (DME-6203)
David S. Catuogno, Esq (DSC-1397)
William Waldman, Esq. (WLW-1452)
Daniel.Eliades@klgates.com
David.Catuogno@klgates.com
William.Waldman@klgates.com
*Proposed Special Counsel for the Debtors*

Order Filed on April 30, 2024
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

In re:

Supor Properties Enterprises LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 24-13427 (SLM)

(Jointly Administered)

Judge: Stacey L. Meisel

Hearing Date:

## FINAL ORDER AUTHORIZING AND DIRECTING USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two through fifteen is hereby **ORDERED**.

**DATED: April 30, 2024**

*Honorable Stacey L. Meisel*
*United States Bankruptcy Judge*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are Supor Properties Enterprises (5580), J Supor 136-1 Realty LLC (3205), Supor-172 Realty LLC (5662), Supor Properties Breiderhoft LLC (7258), Supor Properties Devon LLC (6357), Shore Properties Associates North LLC (6707), Supor Properties 600 Urban Renewal, LLC (8604), JS Realty Properties, LLC (2497) and Supor Properties Harrison Avenue LLC (1728).

Page 2
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

THIS MATTER, having been brought before the Court upon the motion ("Motion") of Supor Properties Enterprises LLC, *et al.*, the debtors and debtors-in-possession herein (collectively, the "Debtors") in the above referenced bankruptcy case (the "Bankruptcy Case" or "Case"), through their proposed attorneys, Forman Holt, for the entry of an order authorizing the Debtors to use the Cash Collateral (as defined below) of 1000 Frank E. Rodgers 1, LLC and Frank E. Rodgers 2, LLC (collectively the "Lenders" and each a "Lender"); and it appearing that the relief requested is in the best interest of the Debtors' estates; and on the basis of the record established,

This Court hereby finds that:

A.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding as that term is defined in 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

B.    The Debtors are obligated to Lenders in connection with a commercial loan (the "Loan") pursuant to certain loan agreements, promissory notes, guaranties, security agreements, mortgages, forbearance agreements, and related documents (the "Loan Documents") entered prior to the commencement of the Debtors' chapter 11 cases as set forth in the Motion.

C.    Subject to the resolution of the Debtor Avoidance Claims (defined below), the Debtors acknowledge and admit that the amount owed to Frank E. Rodgers 1 LLC by the Debtors as of April 2, 2024 (the "Petition Date"), is $94,999,584.17 (the "FER 1 Claim") and the amount owed to Frank E. Rodgers 2, LLC as of the Petition Date is $2,212,058.70 (the "FER 2 Claim"), plus interest, attorneys' fees, protective advances made on account of the Lenders' Collateral, and

F0216824 - 1

Page 3
Debtor:       Supor Properties Enterprises LLC, *et al.*
Case No.:     24-13427 (SLM)
Caption:      Final Order Authorizing and Directing Use of Cash Collateral

other costs on both the FER 1 Claim and the FER 2 Claim that shall continue to the accrue under the Loan Documents (the "Pre-Petition Indebtedness"), which amount is due and payable in full.

D. The Debtors' Pre-Petition Indebtedness to Lenders pursuant to the Loan Documents are secured by perfected, first-priority mortgages and security interests (the "Pre-Petition Liens") against the Debtors' real properties (collectively, the "Debtor Properties" and each a "Debtor Property") as set forth in the Motion, together with the rents, income and proceeds from the Debtor Properties (the "Cash Collateral") (the Debtor Properties and the Cash Collateral collectively are the "Lenders' Collateral").

E. Between January 26, 2024, and January 31, 2024, Lenders recorded deeds (collectively, the "DILF's") transferring ownership of certain of the Debtor Properties from certain of the Debtors to Lenders or their affiliates. The Debtors have previously contended, among other things, that: (i) the fair market value of the Debtor Properties exceeds the outstanding amounts due Lenders, and (ii) the transfers of Debtor Properties subject to the DILF's are subject to avoidance under applicable law ("Debtor Avoidance Claims"). The Lenders have disputed the foregoing allegations of the Debtors. In connection with the Restructuring Support Agreement and related documents (collectively the "RSA"), the Debtors and the Lenders have agreed to resolve the Debtor Avoidance Claims under the terms and conditions set forth in the RSA.

F. Each Debtor acknowledges the extent, validity, and priority of the Pre-Petition Liens against the Lenders' Collateral and the amount of the Pre-Petition Indebtedness, subject to the resolution of the Debtor Avoidance claims as provided in the RSA.

G. The need exists for the Debtors to use the Cash Collateral in order to assure the continued operation of the Debtors' business and without such use of Cash Collateral, the Debtors

F0216824 - 1

Page 4
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

will be unable to pay, among other things, the operating expenses, salaries, capital expenditures and general overhead.

  H. The Debtors have demonstrated a sufficient basis and legitimate business reasons for its use of the Cash Collateral.

  I. The protections afforded to Lenders for the use of the Cash Collateral are adequate and reasonable.

  J. Notice of the Motion was served in accordance with the Court's Order Shortening Time [Doc. Nos. 10, 19], which is good and sufficient notice under the circumstances presented.

  Therefore, it is **ORDERED** as follows:

  1. The Motion is Granted to the extent provided herein. Any objections to the Motion which were not withdrawn or settled are hereby overruled; provided, however, that the entry of this order is without prejudice to (a) the claims asserted by the Town of Harrison for PILOT payments claimed as due from the Debtors, (b) amounts claimed as due by the Town of Harrison or the Harrison Redevelopment Agency under the Amended and Restated Redevelopment Agreement between and among the Harrison Redevelopment Agency, the Town of Harrison, and certain of the Debtors, or (c) the Debtors' defenses thereto. All capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion, as applicable.

Page 5
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

2. The Debtors are hereby authorized to use the Cash Collateral for the purposes of and in the amounts set forth on the Cash Collateral Budgets attached to the Motion as Exhibit A, (the "Cash Collateral Budgets") subject to the Carve-Out as provided below, including, but not limited to, (i) the allowed fees and expenses of professionals retained by the Debtors under 11 U.S.C. §§ 327, 328 or 363, and (ii) all fees required to be paid by the Debtors to the Clerk of the Bankruptcy Court or the United States Trustee's Office under 28 U.S.C. § 1930(a), plus applicable interest, if any.  Except for consenting to the use of Cash Collateral consistent with the Cash Collateral Budget, nothing in this order shall obligate the Lenders to satisfy any fees or expenses incurred by the Debtors.

3. To further secure the Pre-Petition Indebtedness, and as adequate protection for any diminution in the value of Lenders' Collateral from the Debtors' use thereof, or other decline, if any, in value arising out of the automatic stay or from the Debtors' use, sale, depreciation, or disposition of the Lenders' Collateral, the Debtors:

(a) are directed to make monthly adequate protection payments to Lenders as set forth in the Cash Collateral Budgets beginning on May 1, 2024 and continuing through the first day of each month until the subject Debtor Property is sold, unless otherwise directed by this Court;

(b) are authorized to and hereby grant to Lenders: (i) a superpriority administrative expense claim under Bankruptcy Code §364(c)(1); and (ii) a security interest in all the Lenders' Collateral and continuing, replacement post-petition liens and security interests in and against all the Lenders' Collateral together with all rents, products and proceeds thereof created and/or acquired prior or subsequent to the Petition Date, to the extent and with the same priority in the

F0216824 - 1

Page 6
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

Debtors' post-petition collateral, and proceeds thereof, that the Lenders held in the Debtors' pre-petition collateral (the "Post-Petition Collateral");

(c) Acknowledge and this Court finds and concludes that: (i) the Post-Petition Collateral shall not be construed as a reduction of the indebtedness under the Loan Documents; and (ii) any payments do not constitute a waiver that the Debtors are obligated pre-petition and/or post-petition to pay Lenders the principal, default rate of interest and any other charges, penalties, attorneys' fees and expenses and costs required to be paid under the Loan Documents and/or subject to section 506 of the Bankruptcy Code.

(d) Nothing in this Order, including any of the provisions herein with respect to adequate protection, shall constitute, or be deemed to constitute, a finding that the interests of the Lenders are or will be adequately protected.

4. In the event Debtors' ending cash balance for a monthly period exceeds 10% of the anticipated balance, the Debtors shall remit the excess to the Lenders.

5. Notwithstanding the foregoing, Lenders shall have no liens on or security interests against any avoidance actions, preference recoveries, or other similar assets recovered by the Debtors during the chapter 11 cases or the proceeds therefrom. However, no portion of the indebtedness due to the Lenders or the liens and security interests granted to the Lenders is subject to avoidance, subordination (whether equitable, contractual or otherwise), recharacterization, recovery, attack, offset, counterclaim, cross-claims, deduction, disallowance, impairment, recoupment, defense, challenge, objection, reduction, disgorgement, or claim (as defined in section 101(5) of the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law. Debtors acknowledge the Pre-Petition Liens are valid in all respects.

F0216824 - 1

Page 7
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

6. The determinations made in finding Paragraphs C, D, E and F herein, and ordered in paragraph 5 above, shall be binding on the Debtors, but shall not bind any Creditors' committee or successor-in-interest to the Debtors, who shall have sixty (60) days after appointment to contest the scope, validity, perfection and/or amount of the Lenders' claims.

7. The security interests in the Post-Petition Collateral created and granted herein pursuant to Bankruptcy Code Sections 361 and 363 are first, prior, perfected, and superior to any security or collateral interest or lien or any other claim to the assets or goods in which the security interests and liens are granted, including the security interest in Lenders' Collateral granted to Lenders under the Loan Documents.

8. This Final Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of Lenders' security interests and liens upon the Post-Petition Collateral, without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Lenders' liens in and to the Post-Petition Collateral or to entitle Lenders to the priorities granted herein. However, the Debtors may execute, at Lenders' request, and Lenders may file or record financing statements or other documents and instruments to evidence and to perfect the security interests and liens authorized and granted hereby, although no such filing or recordation shall be necessary or required in order to create or perfect any such liens, and Lenders may at their sole discretion, but shall not be required to, file proofs of claim in the case with respect to any obligations under the Loan Documents or any other claims or liens granted hereunder or created hereby.

F0216824 - 1

Page 8
Debtor:      Supor Properties Enterprises LLC, *et al.*
Case No.:    24-13427 (SLM)
Caption:     Final Order Authorizing and Directing Use of Cash Collateral

9. The Debtors shall be authorized to use the Cash Collateral in the ordinary course of business for the expenses set forth in the Cash Collateral Budgets. Except as expressly permitted by this Final Order, consented to by Lenders, or approved by this Court, the Debtors are prohibited from use of any of the Cash Collateral for any other purpose whatsoever. Without limiting the generality of the foregoing, Lenders do not consent to the use of any of the Cash Collateral to:

(a) prepare, prosecute or seek approval of any motion, application or plan of reorganization or liquidation that would, if so approved, investigate, assert, commence, prosecute or otherwise take any action with respect to any lien, claim or alleged lien or claim against Lenders, including but not limited to, claims arising under §§ 542 through and including 553 of the Bankruptcy Code;

(b) challenge the amount, validity, priority or enforceability of the Loan Documents or the security interests and liens of Lenders or assert any defense, claim, counterclaim or offset with respect to the Loan Documents or the security interests and liens of Lenders;

(c) change, amend or modify in any manner whatsoever any of the Loan Documents; or

(d) seek the modification, amendment or vacatur of this Order, without the consent of Lenders.

10. <u>Carve Out.</u> Each of the Lenders' liens and claims, shall be subject only to a carve-out (the "Carve-Out") from the Lender's Collateral, including, without limitation, all assets of the Debtors for the following, and in the following priority:

> (i) <u>first</u>, to be paid from Cash Collateral as and when available, all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) as and when due to be paid, plus applicable interest, if any; and

F0216824 - 1

Page 9

Debtor: Supor Properties Enterprises LLC, *et al.*
Case No.: 24-13427 (SLM)
Caption: Final Order Authorizing and Directing Use of Cash Collateral

    (ii)     <u>second</u>, to be paid from Cash Collateral as and when available, the allowed fees and expenses of professionals retained by the Debtors under 11 U.S.C. §§ 327, 328 or 363, including but not limited to counsel, special counsel, accountants and financial advisors, for the payment of allowed and unpaid fees, costs and expenses of said professionals consistent with and not to exceed the amounts set forth in the Cash Collateral Budgets, to the extent and in the manner authorized and allowed by the Court (the "<u>Line Item Carve-Out</u>");

    (iii)     <u>third</u>, from the proceeds of sale or transfer of any Debtor Property(ies), upon presentation of an appropriate invoice, calculation or statement or Court Order, (a) any fees due to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a) as a result of the subject sale(s); (b) all brokerage commission(s), if any, fees, expenses and compensation incurred or otherwise dues as a result of the consummation of the sale(s)/transfer(s); (c) all fees, costs and expenses of the professionals retained by the Debtors under 11 U.S.C. §§ 327, 328 or 363, including but not limited to counsel, special counsel, and accountants incurred in connection with the applicable sale/transfer transaction(s) in the manner and maximum amounts set forth in the RSA; and (d) any then outstanding and unpaid sums due under the Line Item Carve-Out (the "<u>Sale Transaction Carve-Outs</u>") in the manner and maximum amounts set forth in the RSA. Lender shall be obligated to fund and pay the Sale Transaction Carve-Outs at the time of the closing of the transaction whether the transaction consists of a sale to a third party or acquisition of the subject property by Lender pursuant to a credit bid.

    (iv)     <u>fourth</u>, the amount of Bankruptcy Court approved, accrued but unpaid professional fees incurred by the legal counsel and other advisors to the Debtors and any statutory committees during the Bankruptcy Cases up to the date of the applicable sale, plus the amount necessary to fund a wind down budget as agreed by the parties in accordance with and as limited by, the terms of the Sale Transaction Documentation and Plan not inclusive of the Sale Related Professional Fees (the "<u>Wind-Down Reserve</u>" and, together with the Sale Related Professional Fees, the "<u>Sale Transaction Professional Fee Carve-out</u>"), in the manner and maximum amounts set forth in the RSA.

(a)     Notwithstanding anything herein to the contrary, the Debtors shall, in accordance with the Cash Collateral Budget(s) and subject to the terms of this Order and/or any other relevant

F0216824 - 1

Page 10
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

orders of the Court, be permitted to pay compensation and reimbursement of expenses to professionals allowed and payable under 11 U.S.C. §§ 330 and 331 and such orders of the Court authorizing the payment of compensation and reimbursement of expenses incurred, up to the amount(s) as set forth in the Cash Collateral Budget(s) and consistent with the RSA.

(b) Nothing herein shall constitute a cap on the amount of professional fees and expenses that may be incurred or allowed in the Cases; <u>provided</u> that no payments of such fees and expenses comprising the Line-Item Carve-Outs shall be made from Cash Collateral (other than sale proceeds) in excess of the amounts set forth in the Cash Collateral Budget(s) or any amendments thereto, unless otherwise agreed to in writing by Lenders.

11. The Debtors shall, at all times, maintain its operating account in compliance with 11 U.S.C. § 345, and the Debtors shall deposit all Cash Collateral into a debtor-in-possession bank account, established for its post-petition operations. For purposes of this Order, notwithstanding the foregoing, no Cash Collateral held or deposited in any reserve or escrow accounts for taxes, capital expenditures, insurance or similar items shall be used for any purpose other than the purpose for which such accounts (collectively, the "<u>Reserves</u>") are dedicated.

12. Notwithstanding anything to the contrary contained herein, the Debtors' right to use and the use of the Cash Collateral under this Final Order, the Debtors shall immediately cease on the first business day after five (5) days following an Event of Default. For the purposes of this Final Order an "Event of Default" is defined as follows:

(a) <u>Improper Use of Cash Collateral</u>. The Debtors shall fail to use the Cash Collateral in accordance with the Cash Collateral Budget and this Final Order, including, but not limited to, failing to pay when due any non-insider wages or the fees due under 28 U.S.C. § 1930.

F0216824 - 1

Page 11
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

(b) <u>Conversion</u>. The entry of an order by the Court converting the Case to a case under chapter 7 of the Bankruptcy Code

(c) <u>Dismissal</u>. The entry of an order by the Court dismissing the Case pursuant to §§ 1112(b) or 305 of the Bankruptcy Code or otherwise.

(d) <u>Non-Compliance</u>. The Debtors failure to comply with any other provision of this Order.

(e) <u>Sale of Assets</u>. The Debtors' consummation of the sale or transfer of assets outside of the ordinary course of its business without an order of this Court authorizing the same.

(f) <u>Liens</u>. The Debtors grant of any lien, claim or other encumbrance upon the Debtors' Property without the consent of the Lenders or suffer any lien to exist that has not been disclosed to the Lenders on or prior to the date of the RSA without challenge within thirty (30) days.

(g) <u>Vacatur of Order</u>. The entry of an order by this Court or any other court vacating this Final Order.

(h) <u>Stay Relief</u>. The entry by this Court of an order granting Lenders relief from the automatic stay pursuant to 11 U.S.C. § 362.

(i) <u>Trustee, Receiver or Examiner</u>. The appointment of a trustee, receiver, examiner or other representative with expanded powers for the Debtors.

(j) <u>Taxes, Rent and Insurance</u>. The failure to pay any taxes, rent, or insurance relating to the Debtors' business and/or Debtors' Property.

(k) <u>Unauthorized Leases</u>. The entering into any leases and/or permitting a tenancy relating to the Debtors' Property without the consent of Lenders.

F0216824 - 1

Page 12
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

(l)  <u>Unauthorized Agreement</u>. The entering into any Agreement outside of the ordinary course of business without the consent of Lenders.

(m)  <u>Business Operations</u>. The Debtors cease operations of their present business as such existed on the Petition Date or takes any material action for the purpose of effecting the foregoing without the prior written consent of Lenders, except to the extent contemplated by the Cash Collateral Budget.

(n)  Failure of the Debtors to comply with the RSA annexed to the First Day Declaration as Exhibit "_A".

13. Upon the occurrence of an Event of Default: (i) the automatic stay under Section 362 of the Bankruptcy Code (or under any other Bankruptcy Code section or applicable law or rule) shall terminate, without further order from the Bankruptcy Court after Lenders submits an affirmation of non-compliance with a proposed order on not less than five (5) days' written notice to the Debtors, the Debtors' retained professionals, the United States Trustee's Office, and any committee or committees appointed in the Debtors' chapter 11 cases, in order to permit Lenders to take immediate action to protect the Lenders' Collateral from harm, theft and/or dissipation and to exercise all of its contractual, legal and equitable rights and remedies as to all or such part without further notice to Debtors; and (ii) this Final Order shall terminate.

14. Nothing in this Order shall prejudice Lenders rights under the Bankruptcy Code and applicable non-bankruptcy law, including, without limitation, Lenders' rights to:

(a)  Seek further adequate protection.

(b)  Request conversion or dismissal of the Case.

(c)  Seek relief from the automatic stay under § 362 of the Bankruptcy Code.

F0216824 - 1

Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

    (d)    Request appointment of a trustee or examiner in the Case.

    (e)    Object to or otherwise oppose any relief sought by any entity or party in this Bankruptcy Case, including without limitation, to object to any application filed by Debtors' attorneys or any professional in this case seeking compensation and reimbursement of expenses under §§ 330 or 331 of the Bankruptcy Code.

    (f)    Assert that the Debtors are obligated pre-petition and/or post-petition to pay Lenders the default rate of interest and any other charges, penalties, attorneys' fees and expenses and costs required to be paid under the Loan Documents and/or subject to section 506 of the Bankruptcy Code.

    (g)    Any and all rights, remedies, claims and causes of action which Lenders have or may have against any party who may be liable with the Debtors for the Loan and otherwise under the Loan Documents or any part thereof.

    15.    The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Order.

    16.    Nothing herein shall be deemed to constitute the Lenders' consent to the charging or assessment, pursuant to §§ 105 or 506(c) of the Bankruptcy Code or otherwise, against its collateral of any expenses of administration of Debtors' chapter 11 case or any future proceeding which may result from such cases, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code and no such consent shall ever be implied from any other action, inaction or acquiescence by the Lenders. Debtors waives their right to surcharge Cash Collateral under 11 U.S.C. § 506(c).

F0216824 - 1

Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

17. The provisions of this Final Order shall inure to the benefit of Debtors and Lenders and shall be binding upon the Debtors and Lenders, along with their successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors with respect to property of the estate of any such Debtors, whether under Chapter 11 of the Bankruptcy Code or in any subsequent Chapter 7 case, upon the United States Trustee and all creditors and parties in interest in the Bankruptcy Case.

18. Notwithstanding the foregoing, this Order and authorization to use Final Cash Collateral hereunder shall terminate on the earlier to occur of (a) _____, 2024 or such later date upon which the Court fixes on notice (the "Termination Date") or (b) the occurrence of an Event of Default hereunder that is not cured within any time period permitted herein. Absent an Event of Default, the Termination Date may be extended from time to time upon (a) the written agreement of the Debtors and the Lenders, which parties shall be permitted to submit a Consent Order to the Court, without further notice or hearing, extending the Termination Date or (b) upon further order of this Court on notice. In addition, upon the occurrence of consummation of a plan of reorganization for the Debtors, this Final Order shall be terminated.

19. The Debtors shall timely furnish to Lenders: (i) all such reports and other information reasonably requested and required to be provided to Lenders under the Loan Documents no later than thirty (30) days after such request; (ii) a monthly statement of operating results and sources and uses of cash with respect to the Property no later than twenty (20) days after the end of each calendar month which may be in the form of the monthly operating reports required to be filed by the Debtors with the Court; (iii) any and all documentation, reports, schedules, and insurance policies which Lenders may reasonably request with respect to the

Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

Debtors and consistent with the terms of this Order; and (iv) upon request from Lenders, the Office of the United States Trustee or this Court, the Debtors shall provide evidence that the Property are properly insured against all loss, peril and hazard, and that Lenders, and/or its successors and/or assigns, continues to be named as the mortgagee, additional insured, and loss payee as its interests may appear under such policies and shall maintain such policies or comparable policies during the term of this Order.

20.  In not objecting to the Debtors' use of Cash Collateral under the terms set forth herein or in taking any other actions related to this Final Order, Lender: (a) shall have no liability to any third party and shall not be deemed to be in control of the operations of the Debtors or to be acting as a "controlling person," "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such term, or any similar terms, are used in the Internal Revenue Code, the United States Comprehensive Environmental Response, Compensation and Liability Act, as amended, or any similar Federal or state statute), and (b) shall not owe any fiduciary duty to the Debtors, its creditors or its estate. The Lenders' relationship with the Debtors shall not constitute or be deemed to constitute a joint venture or partnership with the Debtors.

21.  This Order shall be construed as if the Lenders and Debtors jointly prepared it and any uncertainty or ambiguity shall not be interpreted against Debtors or Lenders.

22.  The automatic stay imposed by Section 362(a) of the Bankruptcy Code is hereby modified to permit the Debtors and Lenders to carry out the terms and conditions of this Final Order.

23.  The Debtors and Lenders may agree to non-material modifications or amendments to this Final Order without further Order of the Bankruptcy Court.

F0216824 - 1

Page 16
Debtor:     Supor Properties Enterprises LLC, *et al.*
Case No.:   24-13427 (SLM)
Caption:    Final Order Authorizing and Directing Use of Cash Collateral

24. This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

25. The Debtors shall serve a copy of this Final Order upon all parties that received notice of the Motion within seven days of the entry of this Final Order.

26. This Final Order shall remain in full force and effect until a Termination Event under the RSA.

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtors' twenty (20) largest Rule 1007(d) unsecured creditors. The Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

F0216824 - 1