| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>(201) 845-1000<br>Proposed Attorneys for Debtors<br>Michael E. Holt<br>mholt@formanlaw.com | Order Filed on May 22, 2024<br>by Clerk,<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Supor Properties Enterprises LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No.: 24-13427 (SLM)<br><br>Judge: Hon. Stacey L. Meisel<br><br>(Jointly Administered)<br><br>Hearing Date: May 14 2024<br>Hearing Time: 11:00 a.m. |

**ADMINISTRATIVE FEE ORDER ESTABLISHING PROCEDURES
FOR THE ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED
BY ORDER OF THIS COURT**

The relief set forth on the following page numbered two (2) through five (5) is hereby **ORDERED**.

**DATED: May 22, 2024**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers are Supor Properties Enterprises LLC (5580), J Supor 136-1 Realty LLC (3205), Supor-172 Realty LLC (5662), Supor Properties Breiderhoft LLC (7258), Supor Properties Devon LLC (6357), Shore Properties Associates North LLC (6707), Supor Properties 600 Urban Renewal, LLC (8604), JS Realty Properties, LLC (2497) and Supor Properties Harrison Avenue LLC (1728).

{F0216396 - 1}

Page 2
Debtor:   Supor Properties Enterprises, LLC *et al.*
Case No.  24-13427 (SLM)
Caption:  Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

**THIS MATTER** having been brought before the Court upon the motion (the "Motion") of the Debtors, through their proposed attorneys, Forman Holt, for the entry of an administrative fee order establishing procedures for the allowance of interim compensation and reimbursement of expenses of professionals retained by order of this Court; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estate; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in this case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "**Compensation Procedures**"):

   (A) <u>Monthly fee statements.</u>

   a. Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the administrative fee order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement on the following parties:

   i. Joseph Supor III, the Authorized Member of the Debtors;

   ii. the Debtors;

{F0216396 - 1}

Page 3
Debtor: Supor Properties Enterprises, LLC *et al.*
Case No. 24-13427 (SLM)
Caption: Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

       iii.    Forman Holt as Debtors' counsel;

       iv.    Counsel for any Committee;

       v.    the United States Trustee for Region 3;

       vi.    K&L Gates as Debtors' special counsel;

       vii.    the Lenders and their counsel;

       viii.    any party requesting notice of all proceedings; and

       ix.    any other party designated by the Court.

    b.    A monthly fee statement must comply with Local Bankruptcy Rule 2016-1(a).

(B)    <u>Objections.</u>

An objection to a monthly fee statement must be filed and served on the applicable Professional and the parties listed in subdivision (a)(1) not later than 14 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under <u>28 U.S.C. § 1930</u>.

(C)    <u>Payments.</u>

    a.    On the expiration of the objection deadline under subdivision (b), a Professional may file and serve on the parties listed in subdivision (a)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

Page 4
Debtor:    Supor Properties Enterprises, LLC *et al.*
Case No.   24-13427 (SLM)
Caption:   Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

    b.    If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (a)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtor may pay in accordance with subdivision (c)(1) that portion of the monthly fee statement which is no longer subject to an objection.

    c.    If the parties are unable to resolve an objection not later than 14 days after the deadline for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the court.

(D)    <u>Fee applications.</u>

    a.    A Professional who has received monthly payments under the administrative fee order must, at four month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (a)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

    b.    The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

3.    The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4.    Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

{F0216396 - 1}

Page 5
Debtor:   Supor Properties Enterprises, LLC *et al.*
Case No.  24-13427 (SLM)
Caption:  Administrative Fee Order Establishing Certain Procedures for Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

5. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final Order of this Court.

6. The Debtors are authorized to take all action necessary to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

{F0216396 - 1}