

Michael E. Holt
Member
mholt@formanlaw.com
201.857.7110

August 30, 2024

<u>Via E-Mail</u>
Honorable Stacey L. Meisel
United States Bankruptcy Court
50 Walnut Street, Courtroom 3A
Newark, NJ 07102

    Re:    **Supor Properties Enterprises, LLC,** *et al.*
           **Case No.: 24-13427 (SLM)**
           **Jointly Administered**

           **Hearing Date: September 10, 2024 at 11:00 a.m.**

Dear Judge Meisel:

This firm represents the Debtors in the referenced jointly administered chapter 11 cases. Please accept this as the Debtors' opposition to the adjournment request by the Harrison Redevelopment Agency ("HRA") for a three-week adjournment of the Debtors' motions to authorize and approve (i) sale of real property; (ii) assumption and assignment of executory contracts and unexpired leases; (iii) rejection of unexpired leases and (iv) granting related relief [Doc. Nos. 194 and 195] (the "Motions").

There are two Motions to authorize sales and related relief scheduled for September 10, 2024. One Motion is for the sale of the sale of real property at 401 Supor Blvd. a/k/a part of 500 Supor Blvd. a/k/a 608 Supor Blvd., Harrison, NJ [Doc. No. 194]. That property is not subject to any executory contracts or leases with the HRA or the Town of Harrison. The Town provides no reason why the Motion to consider the proposed sale of that property should be adjourned and the Debtors object to an adjournment of that Motion. The contract for the sale of that property provides for a closing no later than September 30, 2024, time being of the essence. Adjourning that motion would cause irreparable harm to the Debtors' estates. Neither the Debtors nor the secured lenders were aware that the Town was even asking for an adjournment of that Motion. In fact, the Town did not even bother to ask the secured lenders whether they consent to the request.

If the Court is inclined to grant the HRA's adjournment request as to Motion to authorize the sale of the 100 Frank E. Rodgers properties [Doc. No. 195], which are subject to a Redevelopment Agreement ("RDA") with the HRA, the Debtors respectfully request that any adjournment be limited to no more than one week. The Debtors' estates are incurring substantial costs for interest charges, property

FORMANLAW LLC    365 West Passaic Street, Suite 400, Rochelle Park, NJ 07662    T 201.845.1000
www.formanlaw.com    620 Fifth Avenue, Second Floor, New York, NY 10020    T 212.707.8500

{F0225486 - 1}

Honorable Stacey L, Meisel
August 30, 2024
Page 2

taxes, insurance, and other expenses. A one- week adjournment should be more than sufficient for the HRA to determine whether it intends to oppose the relief sought in the Motion. As noted in the adjournment request, the HRA received a submission from the proposed purchaser and assignee of the RDA no later than August 29, 2024. The HRA should not need more than a month to review what it was provided.

Thank you for your consideration of this.

Thank you.

Respectfully,

Michael E. Holt
MEH:ka
cc:   Jerry Feuerstein, Esq. (via email)
      Daniel Zinman, Esq. (via email)
      Peter J. D'Auria, Esq. (via email)
      Anthony Sodono, Esq. (via email)
      Sari Placona, Esq. (via email)
      Daniel M. Eliades, Esq. (via email)
      David S. Catuogno, Esq. (via email)
      William L. Waldman, Esq. (via email)
      Jennifer Mazawey, Esq. (via email)

{F0225486 - 1}