UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
DeCotiis Fitzpatrick Cole & Giblin, LLP
61 S Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 928-1100
Paul Kaufman, Esq. (003011974)
Sean Fogarty, Esq. (370472021)
*Counsel for Everest Blue Capital LLC*

In re:

Supor Properties Enterprises LLC, *et al.*,

Debtors.

Case No. 24-13427 (SLM)
(Jointly Administered)

Judge: Hon. Stacey L. Meisel
Chapter 11

Hearing Dates: June 18, 22 and 26, 2026

## CERTIFICATION IN SUPPORT OF DECOTIIS FITZPATRICK COLE & GIBLIN'S MOTION TO WITHDRAW AS LITIGATION COUNSEL

Paul Kaufman, Esq. and Sean Fogarty, Esq. of full age, do hereby certify as follows:

1. We are attorneys with DeCotiis, FitzPatrick, Cole & Giblin, LLP (the "Firm"), counsel for Everest Blue Capital LLC ("Everest"), and submit this Certification in support of the firm's motion for leave to withdraw as litigation counsel in this matter.

2. We make this Certification based upon our personal knowledge.

3. On or about May 7, 2026, Everest retained the Firm in connection with commercial loan closings involving the proposed financing of the Frank E. Rodgers Boulevard and 600 Guyon properties. The written engagement letter reflects that the Firm was retained in connection with the commercial loan closings and related transactional work.

4. As events surrounding the proposed commercial loan closings became the subject of contested proceedings before this Court, the Firm necessarily appeared on Everest's behalf in

#10452909

connection with litigation concerning those proposed financings, notwithstanding that the Firm's underlying engagement remained transactional rather than litigation in nature.

5. During proceedings conducted before this Court on June 23, 2026, the Court directed that the proposed loan transactions be funded no later than 2:00 p.m. on June 25, 2026 and further directed that, in the event the loans did not close by that deadline, Everest Blue Capital LLC, through its principal, Alexander Wu, was required to return to Court for an evidentiary hearing on June 26, 2026.

6. As a result of the Court's directives, counsel understood that preparation for the June 26, 2026 hearing, if necessary, would necessarily require consultation with Mr. Wu concerning the events occurring after the June 23 proceedings, including but not limited to: (a) Everest's efforts to fund the loans; (b) communications with Industrial Commercial Bank of China with respect to efforts made to obtain funding through Everest's referenced lines of credit; (c) the reasons the transactions did not close by the Court-imposed deadline; and (d) the documentary evidence supporting those facts.

7. Between June 23 and June 26, counsel made repeated efforts to communicate with Mr. Wu in order to prepare for the evidentiary hearing, review relevant documents, discuss anticipated testimony, and develop the factual record that would be presented to the Court. These efforts included emails, text messages and phone calls.

8. Despite those efforts, counsel was unable to reach Mr. Wu before the June 26 evidentiary hearing.

9. Consequently, counsel was unable to review with Mr. Wu the communications involving ICBC, determine what efforts had been undertaken to obtain funding through Everest's

2

#10452909

own financing sources, review the chronology of events following the June 23 hearing, or otherwise prepare Mr. Wu for anticipated cross-examination concerning those events.

10.    As a consequence, counsel was required to appear before this Court in connection with an evidentiary hearing concerning matters uniquely within the knowledge of the client without having had an opportunity to review the underlying facts or review the documents expected to form the basis of that testimony or otherwise determine the substance of the client's anticipated testimony.

11.    Counsel respectfully submits that this breakdown in communication materially impaired the Firm's ability to fulfill its professional obligations and has rendered continued representation of Everest in the litigation impossible, and therefore constitutes good cause for withdrawal from the litigation.

12.    Pursuant to D.N.J. LBR 9010-2(b), counsel respectfully requests that the Court enter an Order permitting DeCotiis, FitzPatrick, Cole & Giblin LLP to withdraw as litigation counsel for Everest Blue Capital LLC in this matter, together with such other and further relief as the Court deems just and equitable.

Respectfully submitted,
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

By:    _/s/ Paul Kaufman, Esq._
        Paul Kaufman

    _/s/ Sean W. Fogarty, Esq._
        Sean W. Fogarty

Dated: July 1, 2026

#10452909